UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE )
COMPANY, INC., )
 )
    Plaintiff, )
 )
    v. ) Case No. 3:16-cv-30172-KAR
 )
SONDRINI ENTERPRISES, )
 )
    Defendant. )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR A NEW TRIAL AND/OR TO AMEND THE JUDGMENT
(Dkt. No. 66)

ROBERTSON, U.S.M.J.

    I.    INTRODUCTION

This matter is before the court on the plaintiff's, Vermont Mutual Insurance Company, Inc.'s ("Vermont Mutual" or "Plaintiff"), motion for a new trial and/or to amend the judgment after a jury returned a verdict in favor of the defendant, Sondrini Enterprises ("Sondrini" or "Defendant"). Vermont Mutual brought claims for negligence and breach of warranty against Sondrini as the subrogee of Roger and Pamela Manzolini. The Manzolinis' residence in Richmond, Massachusetts was destroyed by fire on November 26, 2013. Vermont Mutual alleged that the fire was caused by Sondrini's faulty installation of a chimney at the Manzolinis' home. The jury found that Sondrini was negligent and breached the express and implied warranties to install the chimney in a workmanlike manner and to use reasonable skill in its construction, but its negligence and warranty breaches were not the proximate cause of the property damage loss.

1

Plaintiff claims that a new trial is required because the jury's answers to the questions on the verdict form as to each claim were inconsistent with each other and with the verdict for Defendant. For the reasons that follow, Vermont Mutual's motion is DENIED.

## II. BACKGROUND

A recitation of the pertinent jury instructions and the wording of the verdict form are necessary to the resolution of Vermont Mutual's motion.

### A. Instructions to the Jury

The court delivered the following instructions on the claims of negligence and breach of warranty:

> 1. Negligence
>
> Plaintiff Vermont Mutual Insurance Company alleges that Defendant Sondrini Enterprises was negligent when it designed and/or installed the chimney at the Manzolinis' home. Generally, negligence is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances.
>
> In order for Plaintiff to prevail on the negligence claim in this case, it must prove all of the following four elements by a preponderance of the evidence:
>
> First: Sondrini owed the Manzolinis a duty of reasonable care;
>
> Second: Sondrini breached its duty of care by not acting reasonably under the circumstances;
>
> Third: Injuries or damages are directly related to Sondrini's breach of its duty of care and would not have occurred but for Sondrini's breach of its duty of care; and
>
> Fourth: Roger and Pamela Manzolini suffered injuries or damages.
> . . .
>
> **First,** Plaintiff must prove that Sondrini owed the Manzolinis a duty of reasonable care. Here, "reasonable care" means the care that an ordinary, reasonably prudent contractor would exercise under similar circumstances. . . .
>
> The **second element** Plaintiff must prove is that Sondrini was negligent; that is, that Sondrini breached its duty of care by failing to exercise the degree of care that a

reasonably prudent chimney installation contractor would have exercised under the circumstances. Plaintiff can prove this element in one of two ways. Plaintiff can show by a preponderance of the evidence that Sondrini either (1) did something that a reasonably prudent chimney installation contractor would not do under similar circumstances; or (2) failed to do something that a reasonably prudent chimney installation contractor would do under similar circumstances.
. . .

If you determine that the Plaintiff has proved that Sondrini breached its duty to the Manzolinis, you must then consider whether the Plaintiff has proved the **third element** – causation – by a preponderance of the evidence. Even if the Plaintiff has proved the other elements by a preponderance of the evidence, you cannot find Sondrini liable unless there was a causal relation between its negligence and the damages.

To meet its burden to prove causation, the Plaintiff has the burden to show that Sondrini's negligent conduct was the proximate cause of the Manzolinis' damages. The Plaintiff is not required to eliminate entirely all possibility that Sondrini's conduct was not a cause. To meet its burden, the Plaintiff need only show that there was a greater likelihood or probability that the damages were due to causes for which Sondrini was responsible than from any other cause.

Sondrini's conduct was the cause of the Manzolinis' damages if the damages would not have occurred but for Sondrini's negligence. In other words, if the damages would have happened anyway, Sondrini is not liable. If you find that it is at least equally probable that the negligence was that of another, including the Manzolinis themselves, then Sondrini is not liable.

The occurrence of an accident, such as a fire, standing alone, is not always evidence of negligence. If you find that the precise cause of the fire is left to conjecture or guesswork and may as reasonably be attributed to a condition for which no liability attaches as to one for which it does, then you must return a verdict for Sondrini. On the other hand, the Plaintiff is not required to point out the exact way in which the fire occurred as long as it showed a greater likelihood that the damages came from an act of negligence for which Sondrini was responsible.

The **fourth element** that Plaintiff must prove is that Roger and Pamela Manzolini suffered injuries or damages. In this case, the parties have agreed that the Manzolinis suffered injuries or damages so you need not deliberate on that element; you may treat it as proved by the Plaintiff.

2.  Breach of the Implied Warranty

. . . In order for the Plaintiff to prevail on its breach of implied warranty claim, it must prove the following elements by a preponderance of the evidence:

**First**, Sondrini had a duty to install and/or design the chimneys in a workmanlike manner and to use reasonable skill in its [sic] construction;

3

**Second,** Sondrini failed to install and/or design the chimneys in a workmanlike manner and to use reasonable skill in its [sic] construction; and

**Third,** Sondrini's failure to install and/or design the chimneys in a workmanlike manner and to use reasonable skill in its [sic] construction was a proximate cause of the Manzolinis' injury or damages. I have previously described the meaning of "proximate cause" for you.

. . .

3. Breach of the Express Warranty

The Plaintiff is also claiming that Sondrini violated an express warranty or guarantee in the written proposal dated July 18, 2012. The Plaintiff claims that Sondrini promised to install two new all-fuel chimneys in a workmanlike manner and according to standard practices. An express warranty is created when a chimney installation contractor makes any clear or definite promise or statement of fact, either orally or in writing, about the quality of the work to be performed, and that promise or statement of fact becomes part of the basis of the bargain between the buyer and the seller.

In order for the Plaintiff to prevail on the breach of express warranty claim, it must prove the following three elements by a preponderance of the evidence:

**First,** that Sondrini made a definite promise or statement of fact with respect to the quality of the work that it would perform; that is, that it would install the chimneys in a workmanlike manner and according to standard practices. . . .

**Second,** that Sondrini breached its promise to install the chimneys in a workmanlike manner and according to standard practices.

**Third,** that Sondrini's breach of promise was a proximate cause of the Manzolinis' injury or damages. Again, I have previously defined "proximate cause."

. . .

(Dkt. No. 59 at 19-23). Plaintiff did not lodge an objection to the explanations of the elements of the claims either at the charge conference or after the instructions were delivered to the jury.

B. <u>Verdict Form</u>

During the conference regarding the wording of the proposed verdict form, counsel for Vermont Mutual objected to separating the questions regarding causation from the questions for negligence and breach of the implied and express warranties. Instead, she wanted one question for each claim. Because Sondrini maintained that the chimney installation did not cause the fire,

4

Defendant's counsel agreed with the proposed verdict form that posed separate questions for causation. The verdict form that was submitted to the jury was as follows:

1. Was defendant Sondrini Enterprises, Inc. negligent?
   Yes____  No____
   (If yes, go to question #2. If no, go to question #3)

2. Was the negligence of the Defendant Sondrini Enterprises a proximate cause of the Plaintiff's damages?
   Yes ____  No ____
   (Go to question #3)

3. Did the defendant Sondrini Enterprises, Inc. breach an implied warranty to Plaintiff's insured?
   Yes____  No____
   (If yes, go to question #4. If no, go to question 5)

4. Was the breach of an implied warranty of the Defendant Sondrini Enterprises a proximate cause of the Plaintiff's damages?
   Yes ____  No ____

5. Did the defendant Sondrini Enterprises, Inc. breach an expressed warranty to Plaintiff's insured?
   Yes____  No____
   (If yes, go to question #6. If no, return your verdict to the court)

6. Was the breach of an expressed warranty of the Defendant Sondrini Enterprises a proximate cause of the Plaintiff's damages?
   Yes ____  No ____

7. Do you award the Plaintiff damages?
   Yes ____  No ____

(Dkt. No. 64).

C. Jury Deliberations and Verdict

The jury began deliberating late in the day on Monday, January 14, 2019, and resumed at approximately 9:00 A.M. on Tuesday, January 15, 2019 (Dkt. Nos. 53, 60). At 9:30 A.M., the jury submitted the following two questions to the court: (1) "Can you give a definition of proximate cause?"; and (2) "In order for any damages to be awarded, do all 7 questions have to

be answered yes?" (Dkt. Nos. 61, 62). The court first referred the jury to the instruction on proximate cause in the written instructions that had been submitted to the jury. In response to the second question, the court answered "no" and reviewed the verdict form indicating that questions 1 and 2 pertained to Plaintiff's negligence claim, questions 3 and 4 pertained to the breach of implied warranty claim, and questions 5 and 6 pertained to the breach of express warranty claim. The jury were further instructed that if they answered "yes" to questions 1 and 2, and/or if they answered "yes" to questions 3 and 4, and/or if they answered "yes" to questions 5 and 6, they would award damages. On the other hand, if they did not answer "yes" to questions 1 and 2, and/or if they did not answer "yes" to questions 3 and 4, and/or if they did not answer "yes" to questions 5 and 6, they would not award damages. Neither party objected to the supplemental instructions.

At 10:40 A.M., the jury informed the court that it had reached a verdict (Dkt. No. 63). It answered "yes" to questions 1, 3, and 5 and answered "no" to questions 2, 4, 6, and 7 (Dkt. No. 64). After the jury returned its verdict, the undersigned entered judgment for Sondrini (Dkt. No. 65).

III. DISCUSSION

A. Rule 59(a)

Vermont Mutual seeks a new trial under Fed. R. Civ. P. 59(a)(1)(A), which permits the court, after a jury trial, to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). According to Vermont Mutual, the jury's findings that Sondrini was negligent (Question No. 1) and breached the implied and express warranties (Question Nos. 3 & 5) necessarily included findings on all of the elements of each claim, including causation and, consequently, the separate questions on the

6

verdict form regarding causation (Question Nos. 2, 4, 6), to which it objected, were superfluous and confused the jury. Vermont Mutual goes on to say that it is entitled to a new trial because the jury's confusion led to an inconsistent verdict and a miscarriage of justice; that is, the jury failed to award damages to Vermont Mutual notwithstanding its findings that Sondrini was negligent and breached the warranties. *See Crowe v. Marchand*, 506 F.3d 13, 19 (1st Cir. 2007) ("In the ordinary course, a district court may order a new trial under Federal Rule of Civil Procedure 59(a) 'only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.'") (quoting *Casillas–Díaz v. Palau,* 463 F.3d 77, 81 (1st Cir. 2006)). Sondrini responds by arguing that the verdict form reflected the accurate descriptions of the law of negligence and breach of warranty that were included in the jury instructions and demonstrated that the jury performed its function of making factual findings as to each element of the individual claims. Sondrini has the better argument.

Plaintiff's argument focuses on the verdict form. "A verdict form must be 'reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment.'" *Sheek v. Asia Badger, Inc.,* 235 F.3d 687, 699 (1st Cir. 2000) (quoting *Johnson v. Teamsters Local 559,* 102 F.3d 21, 28 (1st Cir. 1996)). The verdict form is not read in isolation. Rather, the verdict form and the jury instructions are considered together in order to determine whether the factual issues were fairly presented to the jury. *See Santos v. Posadas De P.R. Assocs., Inc.,* 452 F.3d 59, 65 (1st Cir. 2006); *Sanchez–Lopez v. Fuentes–Pujols,* 375 F.3d 121, 134 (1st Cir. 2004).

1. The Negligence Claim

The court's instructions on negligence accurately described Massachusetts law.[1]

The elements of a claim of negligence, generally, are (1) negligence, that is, "the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances"; (2) the causal connection between the defendant's negligence and the plaintiff's injury or damage; and (3) damages.

*Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 898–99 (Mass. 2009) (citations and footnote omitted). *See Jupin v. Kask,* 849 N.E.2d 829, 834-35 (Mass. 2006) ("To prevail on a negligence claim, a plaintiff must prove [1] that the defendant owed the plaintiff a duty of reasonable care, [2] that the defendant breached this duty, [3] that damage resulted, and [4] that there was a causal relation between the breach of the duty and the damage.").

The jury was instructed on the elements of the negligence claim that Vermont Mutual was required to prove by a preponderance of the evidence, including negligence and causation, which are distinct elements under Massachusetts law (Dkt. No. 59 at 19-21).[2] *See Barletta Heavy Div., Inc. v. Layne Christensen Co.,* Civil Action No. 07-12084-DPW, 2011 WL 1399692, at *5 (D. Mass. Apr. 13, 2011) ("'Negligence and causation are separate matters.'") (quoting *Roberts v. Southwick,* 614 N.E.2d 659, 665 (Mass. 1993) (O'Connor, J., concurring)). "A positive finding of both is necessary to establish liability." *Id.* (quoting *Kent v. Commonwealth,* 771 N.E.2d 770, 776-77 (Mass. 2002)). *See also* RESTATEMENT (SECOND) OF TORTS § 430 (AM. LAW INST. 1965) ("In order that a negligent actor shall be liable for another's harm, it is

---

[1] "Federal courts sitting in diversity apply state substantive law and federal procedural rules." *Correia v. Fitzgerald,* 354 F.3d 47, 53 (1st Cir. 2003).

[2] The parties stipulated to the amount of damages to be awarded if the jury found in Plaintiff's favor.

8

necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm.").

"The jury instructions, to which Plaintiff did not object, reflected the principle that "[n]egligence actually consists of two elements: a legal duty and an act or omission in violation of that duty." *Donovan,* 914 N.E.2d at 898 n.8. In conformance with the law, the jurors were informed that "[g]enerally, negligence is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances" (Dkt. No. 59 at 19). After describing Sondrini's duty, the court instructed that "Plaintiff must prove . . . that Sondrini was negligent; that is, that Sondrini breached its duty of care by failing to exercise the degree of care that a reasonably prudent chimney installation contractor would have exercised under the circumstances" (Dkt. No. 59 at 19). When considered in view of the court's instructions, Question No. 1 – "Was defendant Sondrini . . . negligent?" – asked the jury to determine whether Vermont Mutual proved that Sondrini had breached its duty of care to the Manzolinis (Dkt. No. 64).

Having found that Sondrini was negligent, the jury proceeded to Question No. 2 regarding causation (Dkt. No. 64). The court's instruction on causation included the following explanation:

> If you determine that the Plaintiff has proved that Sondrini breached its duty to the Manzolinis, you must then consider whether the Plaintiff has proved the **third element** – causation – by a preponderance of the evidence. *Even if the Plaintiff has proved the other elements by a preponderance of the evidence, you cannot find Sondrini liable unless there was a causal relation between its negligence and the damages.*
>
> To meet its burden to prove causation, the Plaintiff has the burden to show that Sondrini's negligent conduct was the proximate cause of the Manzolinis' damages.

(Dkt. No. 59 at 20-21) (emphasis added). Question No. 2 reflected the content of the causation instruction: "Was the negligence of the Defendant Sondrini . . . a proximate cause of the

9

Plaintiff's damages?" (Dkt. No. 64). The jury answered "no" to Question No. 2 (Dkt. No. 64). Because the jury determined that Plaintiff did not prove the requisite element of causation, it did not award Plaintiff damages on its negligence claim (Dkt. No. 64 [Question No. 7]). *See Wainwright v. Jackson,* 195 N.E. 896, 897 (Mass. 1935) ("[O]ne cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff.").

The jury was instructed in accordance with the principle in Massachusetts law that in order to recover damages on its negligence claim, Plaintiff was required to prove, by a preponderance of the evidence (1) that Sondrini was negligent, and (2) that there was a causal connection between its negligence and the damages to the Manzolinis' property. Because the verdict form accurately reflected the law and the jury instructions on those two elements, it was not confusing and the verdict was not inconsistent. Consequently, Plaintiff has failed to demonstrate that the jury's verdict on the negligence claim resulted in a miscarriage of justice. *See Rosa-Rivera v. Dorado Health, Inc.,* 787 F.3d 614, 620-21 (1st Cir. 2015) (where the plaintiff had to establish a duty, a breach of duty, and "'a sufficient causal nexus'" between the breach and the harm in order to succeed on its negligence claim, the verdict was not inconsistent where "[o]n the verdict form, the jury answered 'yes' when asked whether [the defendant] was negligent and 'no' when queried whether that negligence caused [the plaintiff's injuries].") (further citation omitted); *Correia,* 354 F.3d at 54-56 (same); *Barletta Heavy Div., Inc.,* 2011 WL 1399692, at *5 ("The fact that the jury [in answers to special questions] found negligence without causation does not demonstrate that the finding was against the weight of the evidence or a miscarriage of justice.").

    2.    The Breach of the Implied and Express Warranty Claims

Plaintiff's arguments regarding the claims of breach of the implied and express warranties fail for the same reasons. Plaintiff agreed with the jury instructions on the breach of the implied or express warranties. "In the absence of a contemporaneous objection, the instruction[s] became the law of the case." *Correia,* 354 F.3d at 56 (citing *Milone v. Moceri Family, Inc.,* 847 F.2d 35, 38-39 (1st Cir. 1988)). The verdict form, when read in conjunction with the jury instructions, directed the jury to first consider whether there was an implied or express warranty and a breach of the warranty (Question Nos. 3 and 5) before considering the separate element of proximate causation (Question Nos. 4 and 6) (Dkt. No. 59 at 21-23; Dkt. No. 64). *See Sharp v. Hylas Yachts, LLC,* 872 F.3d 31, 46-47 (1st Cir. 2017); *Jennett v. Colo. Fuel & Iron Corp.,* 398 N.E.2d 755, 757 (Mass. App. Ct. 1980). Consistent with its findings on the negligence count, the jury determined that Plaintiff proved that Sondrini breached the implied and express warranties when it installed the chimneys, but failed to prove causation (Dkt. No. 64).

The cause of the fire was the central issue in the case. "Application of the legal cause standard to the circumstances of a particular case is a function ordinarily performed by, and peculiarly within the competence of, the factfinder." *Swift v. United States,* 866 F.2d 507, 510 (1st Cir. 1989). There was evidence from which the jury could have determined that Sondrini's design and installation of the chimneys was faulty, but that Plaintiff failed to sustain its burden of proving that the chimney design and installation caused the fire. The jury instructions and the verdict form supplied the jury with the tools to make those factual determinations. *See Sanchez-Lopez,* 375 F.3d at 134 ("To determine whether the [factual] issues were fairly presented to the jury, [courts] examine the . . . instructions and the wording of the verdict form as a whole."). Accordingly, Plaintiff's motion for a new trial is denied.

B.  Fed. R. Civ. P. 49(b)(3)

11

In the alternative, Vermont Mutual presents a variation on the same theme. Relying on Fed. R. Civ. P. 49(b)(3), it asks the court to amend the judgment by awarding it the amount of damages to which the parties had stipulated because the jury's verdict for Sondrini was inconsistent with its findings that Sondrini was negligent and breached the implied and expressed warranties (Dkt. No. 66 at 2, 7).

Vermont Mutual has forfeited its argument.

> The special questions here were propounded pursuant to Fed. R. Civ. P. 49(b). When the verdict was returned, [Plaintiff] did not raise a claim of inconsistency before the court discharged the jury. In that situation, failure to object to an alleged inconsistency while the jury is still in the box forfeits a party's objection, subject only to the possibility of relief for plain error.

*Correia*, 354 F.3d at 56–57 (citing *Peckham v. Cont'l. Cas. Ins. Co.,* 895 F.2d 830, 836 (1st Cir. 1990); *McIsaac v. Didriksen Fishing Corp.,* 809 F.2d 129, 134 (1st Cir. 1987)).

Even if Vermont Mutual had not forfeited the Rule 49(b) argument, it could not succeed. "[T]he Supreme Court has instructed that '[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.'" *Correia,* 354 F.3d at 57 (quoting *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364 (1962)). For the reasons discussed earlier, there was a version of the facts that supported the jury's findings. Accordingly, Vermont Mutual's Rule 49(b) claim fails.

IV. CONCLUSION

For the above-stated reasons, Vermont Mutual's Motion for a New Trial and/or to Amend the Judgment (Dkt. No. 66) is denied.

It is so ordered.

Dated: May 15, 2019 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE